IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS CHAPMAN )
)
v. ) NO. 3:11-0006
)
ROYCE THACKER, et al. )

TO: Honorable William J. Haynes, Jr., District Judge

# REPORT AND RECOMENDATION

By Order entered January 6, 2011 (Docket Entry No. 5), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court are motions to dismiss filed by Defendant Southern Health Partners, Inc. (Docket Entry No. 16) and by Defendants Sonya Troutt, the Sumner County Sheriff's Department, and the County of Sumner, Tennessee (Docket Entry No. 26). The plaintiff has filed a response in opposition to each of the motions. See Docket Entry Nos. 60-61. Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND

The plaintiff is a former inmate of the Sumner County, Tennessee Jail ("Jail") who is currently confined within the Tennessee Department of Correction at the Northwest Correctional Complex.[1] He brought this action pro se and in forma pauperis seeking damages and other relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the Jail between August 8, 2008, and June 11, 2010. Named as defendants to the complaint are the Sumner County Sheriff's Department ("SCSD"), the County of Sumner, Tennessee ("Sumner County"), Jail Administrator Sonya Troutt, SCSD employees Royce Thacker and Timothy Erickson, and Southern Health Partners ("SHP"), a private business which provides medical care to inmates at the Jail.

By Order and Memorandum entered January 6, 2011 (Docket Entry Nos. 4-5), the Court dismissed with prejudice all claims based on events occurring prior to December 1, 2009, because such claims fall outside the governing one year statue of limitations for claims filed under 42 U.S.C. § 1983. However, the Court ordered that process issue to the defendants on the plaintiff's remaining claims because the complaint contained at least one

---

[1] The events at issue in this action occurred while the plaintiff was a pre-trial detainee at the Jail, and he was later transferred from the Jail to the Riverbend Maximum Security Institution ("RMSI"). It is not clear whether the plaintiff is still a pre-trial detainee.

claim that was not facially frivolous and that presented a colorable claim for relief. See Docket Entry No. 4, at 1-3.

In his complaint, the plaintiff sets out the following claims:

1. Defendant Thacker sprayed him with a chemical agent on January 10, 2010;

2. Defendant Erickson physically assaulted him and sprayed him with a chemical agent on April 8, 2010;

3. he was denied medical attention by a SHP and/or Jail employee on January 20, 2010, February 13, 2010, March 20, 2010, and April 28, 2010;

4. Defendant SHP did not adequately treat his medical needs on January 20, 2010, and while he was at the Jail;

5. he was provided with poor medical treatment for a broken tooth from March 26, 2010, to June 11, 2010;

6. Defendants SHP and the SCSD violated his "medical privacy" on January 20, 2010;

7. he was transferred from the Jail in retaliation for requesting access to a legal library;

8. he suffered from poor conditions of confinement at the Jail including the denial of medical treatment, the denial of adequate hygiene, the denial of access to an adequate law library, and "unnecessary rigor and various constitutional rights violations;" and

9. he was the victim of assault and battery while at the Jail.

See Complaint (Docket Entry No. 1), at 6-7. The plaintiff also filed an amended complaint (Docket Entry No. 8). However, the amended complaint did not add any new factual

allegations or claims but merely asserted that the alleged assaults and the alleged lack of medical care caused him "injury as well as mental and emotional injury." Defendants Erickson and Thacker filed a joint answer (Docket Entry No. 25) to the complaint. In lieu of an answer, the remaining defendants have filed the pending motions to dismiss.

Defendant SHP seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that the plaintiff fails to state a claim against it upon which relief can be granted. Specifically, SHP argues that the plaintiff fails to identify a SHP policy or custom that caused the plaintiff's alleged injuries and, as such, cannot maintain an action against SHP under 42 U.S.C. § 1983 because a defendant cannot be found liable under Section 1983 on the basis of vicarious liability.

By their motion for dismissal under Rule 12(b)(6), Defendants Troutt, SCSD, and Sumner County raise several arguments for dismissal of the claims brought against them. Defendant Trout asserts that the plaintiff fails to set forth any factual allegations of wrongdoing against her. Defendant SCSD contends that it is not an entity that can be sued under Section 1983. Defendant Sumner County argues that the plaintiff fails to allege that a custom, policy, or procedure of Sumner County caused his alleged injuries and, thus, Sumner County cannot be found liable under Section 1983 for any of the purported constitutional violations.

4

## II. STANDARD OF REVIEW

The defendants' motions to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure are reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal

Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

Before addressing the merits of the two motions to dismiss, the Court shall address a general argument made by the plaintiff which pertains to both motions. He argues that the Court, in the Memorandum and Order entered January 6, 2011 (Docket Entry Nos. 4-5), already found that he stated a claim upon which relief can be granted. See Docket Entry No. 60, at 1, and Docket Entry No. 61, at 1. The plaintiff's argument lacks merit. The Memorandum and Order entered January 6, 2011, was merely a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(A) to determine if process should issue in the action. Although the Court ordered that process issue after finding that the complaint contained at least one claim that was not facially frivolous and that presented a colorable claim for relief, id. at 1-3, the Court did not specifically address each of the claims brought by the plaintiff. The Court's finding that the plaintiff asserted at least one non-frivolous claim is not a conclusive determination that each of the claims set out in the complaint is sufficient to withstand a motion to dismiss subsequently brought under Rule 12(b)(6).

A. Motion of Defendant SHP

The plaintiff's allegations that SHP nurses "Jodi" and "Melanie" denied him "medical attention" on February 13, 2010, and March 20, 2010, respectively, cannot, by themselves, form the basis for a claim against SHP. A private corporation cannot be held liable under Section 1983 for the actions of its employees solely on the basis of respondeat superior or vicarious liability. See Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996).

Further, all but one of the allegations made by the plaintiff specifically against SHP fail to support a plausible claim upon which relief can be granted. The allegations that SHP "denied" him adequate medical treatment or did not "treat his medical needs," see Complaint, at 6, are simply so vague and conclusory that they fail to support a claim upon which relief can be granted. While the plaintiff's allegation that SHP violated the plaintiff's "medical privacy," id., is based on at least some measure of factual underpinning, this allegation fails to show how the purported wrongdoing violates a constitutional right of the plaintiff.

Although the plaintiff's Response in Opposition sets forth several principles of law involving the standards for review of a motion to dismiss, see Docket Entry No. 60, the plaintiff fails to directly address the factual shortcomings of his complaint noted by Defendant SHP and fails to show how his complaint satisfies standards necessary to defeat a motion to dismiss. Threadbare recitals of legal principles, supported only by conclusory

statements, fail to meet the plausibility standard required to state a claim for relief which is sufficient to defeat a motion to dismiss. Iqbal, 129 S.Ct. at 1949; Johnson v. Metropolitan Gov't of Nashville and Davidson Cnty., 2010 WL 3619790 (M.D. Tenn. Sept. 13, 2010) (Campbell, C.J.)

The Court finds, however, that the plaintiff's claim that he was provided with "poor medical treatment in regards to his broken tooth" is sufficient, at this stage of the proceedings, to state a claim upon which relief can be granted against SHP. Accordingly, the motion to dismiss should be denied as to this claim only.

B. Motion of Defendants Troutt, SCSD, and Sumner County

The motion to dismiss should be granted as to Defendant Troutt. It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). To survive the motion to dismiss, the plaintiff must show that his complaint sets forth factual allegations that Defendant Troutt personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). However, there are no factual allegations contained in the complaint regarding Defendant Troutt that

8

satisfy this standard and that support a claim of individual liability against her. Indeed, the Complaint does not mention Defendant Troutt except for listing her as a defendant, and the complaint fails to set forth any specific factual allegations involving her.

Defendant Troutt's position as a supervisory official at the Jail cannot form the basis for a claim of individual liability against her. Because constitutional liability requires a showing of personal involvement of the defendant in the alleged unconstitutional activity, a defendant cannot be found liable under the theory of respondeat superior or merely because he or she is in a supervisory position. Shehee, 199 F.3d at 300; Hays v. Jefferson Cnty., 668 F.2d 869, 872 (6th Cir. 1982). To be held liable, a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it. Shehee, 199 F.3d at 300. There are no such allegations contained in the complaint.

In his response, the plaintiff contends that an "inter-office email between many SCSD employees, specifically including Troutt" supports a claim of personal liability against her. See Response in Opposition (Docket Entry No. 61), at 4. This minimal factual allegation is itself vague and conclusory and fails to rectify the shortcomings of the complaint. Although the plaintiff's Response in Opposition contains numerous case citations and assertions of legal principles which pertain in general to the standards for finding individual liability against supervisory officials, id. at 4-6, the assertion of general legal principles, even if

accurate, fails to state a claim for relief against Defendant Trout in the complete absence of any specific factual allegations of wrongdoing against her.[2]

With respect to Defendant SCSD, although municipal corporations and other "bodies politic and corporate" may be sued under Section 1983, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir.), cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997), a sheriff's department is not a body politic or an entity that is considered a "person" and thus can be sued under Section 1983. See Petty v. Franklin Cnty., 478 F.3d 341, 347 (6th Cir. 2007); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.S. Tenn. 2006) (Haynes, J); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992) (Nixon, J.); Baker v. Tennessee Dept. of Corr., 2009 WL 3271175 (M.D.Tenn. Oct. 9, 2009) (Echols, J.); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006) (Campbell, C.J.). Accordingly, Defendant SCSD should be dismissed from the action because it is not amenable to suit under Section 1983.

---

[2] Defendant Troutt is also named in her official capacity. See Complaint, at 4. However, an official capacity suit is essentially a suit against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Accordingly, the plaintiff's official-capacity claim against Defendant Troutt is the same as the claim made against Sumner County. See Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir.2008), cert. denied _U.S._, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009) (civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). The Court analyzes the claim against Sumner County infra at 8-9.

The plaintiff asserts in his Response in Opposition that "agencies such as SCSD have been held as defendants in previous cases" and sets out four cases in support. See Docket Entry No. 61, at 6. However, none of the cases he lists stand for the proposition he asserts and in none of the cases did the respective courts address the issue of whether a sheriff's department was a "person" subject to suit under 42 U.S.C. § 1983, let alone find that a sheriff's department was subject to suit under Section 1983.

The motion to dismiss should also be granted as to Sumner County. A municipal defendant such as Sumner County cannot be deemed liable simply because one of its employees committed a constitutional wrong. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). For Sumner County to be found liable under Section 1983, the plaintiff must set forth facts in his complaint upon which municipal liability can found. This requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County. Monell, 436 U.S. at 690-91; Matthews, 35 F.3d at 1049. In short, there must be a direct causal link between an official policy or custom of Sumner County and an alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff's complaint simply does not contain any factual allegations supporting such a claim.

Furthermore, while the plaintiff's Response in Opposition sets forth several principles of law involving the theory of municipal liability, see Docket Entry No. 61, at 7-8, the plaintiff fails to show a factual basis for applying any of these principles to Defendant Sumner County based on the events of the instant case. Threadbare recitals of the elements of a cause of action or legal principles, supported only by conclusory statements, fail to meet the plausibility standard required to state a claim for relief which is sufficient to defeat a motion to dismiss. Iqbal, 129 S.Ct. at 1949; Johnson, supra.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 16) of Defendant Southern Health Partners, Inc., be GRANTED on all claims brought against it except for the claim that the plaintiff was denied adequate medical treatment for his broken tooth; and

2) the motion to dismiss (Docket Entry No. 26) of Defendants Sonya Troutt, the Sumner County Sheriff's Department, and the County of Sumner, Tennessee be GRANTED and these three Defendants be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the

specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                              Respectfully submitted,

                              _____
                              JULIET  GRIFFIN
                              United States Magistrate Judge