IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS CHAPMAN, )
)
Plaintiff, )
)
v. ) No. 3:11-cv-0006
) JUDGE HAYNES
ROYCE THACKER, et al., )
)
Defendants. )
)

ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 62) that the motion to dismiss filed by Defendants Troutt, Sumner County Sheriff's Department and Sumner County (Docket Entry No. 26) be granted. The Report also recommends that Defendant Southern Health Partners Inc.'s (SHP) motion to dismiss (Docket Entry No. 16) be granted on all claims except for Plaintiff's claim he was denied adequate medical treatment for his broken tooth. Plaintiff has filed numerous objections. (Docket Entry No. 72).

As to Defendant SHP, the Report notes that "Defendant SHP cannot be held liable under Section 1983 for the actions of its employees solely on the basis of respondeat superior or vicarious liability." (Docket Entry No. 62, Magistrate Judge's Report and Recommendation at p. 7). Plaintiff's objections to the Report do not address this issue. Plaintiff fails to identify any facts in his pleadings to challenge the Magistrate Judge's conclusion that except for his broken tooth claim, Plaintiff's factual allegations are "so vague and conclusory that they fail to support a claim upon which relief can be granted" against SHP. Id. Plaintiff cites general principles of law, but fails to "directly address the factual shortcoming of his complaint...[and] show how his

complaint satisfies the standards necessary to defeat a motion to dismiss." Id. Thus, after de novo review, the Court **ADOPTS** the Magistrate's recommendations to dismiss Plaintiff's claims against Defendant SHP, except for the broken tooth claim.

Plaintiff's objections also fail to address the deficiencies in his factual allegations about Defendant Troutt's involvement. Absent factual allegations, the Magistrate Judge correctly concludes that "a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it. There are no such allegations in the complaint." Id. at 9. As to Defendant SCSD, the Magistrate Judge correctly concluded that "a sheriff's department is not a body politic or entity that is considered a 'person' and thus can be sued under Section 1983." Id. at 10. Accordingly, after de novo review, the Court **ADOPTS** the Magistrate's recommendations to dismiss Defendants Troutt and the Sumner County Sheriff's Department.

As to Defendant Sumner County, there is not a specialized pleading standard for § 1983 claims against local governments, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), and Plaintiff asserts that under Leatherman's liberal notice pleading standard, a "complaint need only include enough to give defendant fair notice of grounds upon which claims rests." (Docket Entry No. 72, Plaintiff's Objections at p. 4, ¶ 26). Leatherman, however, states that "a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." Leatherman, 507 U.S. at 167. The Magistrate's report correctly concludes that Plaintiff's complaint does not contain any factual allegations suggesting any county policy or custom. (Docket Entry No. 62, Magistrate Judge's Report and Recommendation at pp. 11, 12).

Thus, after de novo review, the Court **ADOPTS** the Report and Recommendation.

The motion to dismiss filed by Defendants Troutt, Sumner County Sheriff's Department and Sumner County (Docket Entry No. 26) is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED with prejudice**.

Defendant Southern Health Partners Inc.'s motion to dismiss (Docket Entry No. 16) is **GRANTED in part** and **DENIED in part**. Plaintiff's claims against Southern Health Partners Inc. are **DISMISSED with prejudice** except for Plaintiff's medical treatment claim for his broken tooth.

It is so **ORDERED**.

**ENTERED** this the 15th day of July, 2011.

WILLIAM J. HAYNES, JR.
United States in Judge