IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS CHAPMAN )
)
v. ) NO. 3:11-0006
)
ROYCE THACKER, et al. )

TO: Honorable William J. Haynes, Jr., District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 2, 2012 (Docket Entry No. 133), the motion for summary judgment (Docket Entry No. 98) filed by Defendant Southern Health Partners, Inc. ("SHP"), was referred to the Magistrate Judge for a Report and Recommendation. After review of the motion and Plaintiff's response in opposition (Docket Entry Nos. 118-119), the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff is a former inmate of the Sumner County, Tennessee Jail ("Jail") who is currently confined within the Tennessee Department of Correction at the Northwest Correctional Complex. He brought this action pro se and in forma pauperis seeking damages and other relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred while he was confined as a pretrial detainee at the Jail between August 8, 2008, and June 11, 2010. Although the Complaint

(Docket Entry No. 1) and Amended Complaint (Docket Entry No. 8) set out multiple claims against several defendants, the Court has dismissed all claims and defendants in the action except for:

1. a claim against Jail employee Royce Thacker based on allegations that Thacker sprayed Plaintiff with a chemical agent on January 10, 2010;

2. a claim against Jail employee Timothy Erickson based on allegations that Erickson physically assaulted and sprayed Plaintiff with a chemical agent on April 8, 2010; and

3. a claim against SHP based on allegations that SHP failed to provide Plaintiff with adequate medical treatment for a broken tooth during the period of March 26, 2010, to June 11, 2010.

See Orders entered January 6, 2011 (Docket Entry No. 5), and July 18, 2011 (Docket Entry No. 77).

By its motion for summary judgment, Defendant SHP argues that the undisputed evidence shows that its medical staff provided constitutionally adequate medical care to Plaintiff for the dental needs at issue in this case, including a prompt evaluation and follow-up evaluations by SHP medical staff, the provision of medication, and two appointments with a dentist on contract with SHP, who treated Plaintiff and provided temporary fillings. Further, SHP argues that it cannot be held liable under 42 U.S.C. § 1983 for the acts of its employees based on a theory of respondeat superior and that Plaintiff has not set forth evidence which would support a claim that a policy or custom of SHP caused the alleged constitutional violation. Defendant SHP supports its motion with the affidavits of SHP employee and Jail Nurse Melanie Miller (Docket Entry No. 98, at 24-30) and Dr. Ken Kelly (Docket Entry No. 98, at 51-54), a dentist who has contracted with SHP to provided dental services to inmates at the Jail, as well as with copies of Plaintiff's relevant medical records. See Docket Entry No. 98, at 31-49.

In response, Plaintiff disputes that proper medical treatment was provided to him and contends that the evidence actually shows that he suffered an "intentional delay" in the treatment of his broken

tooth causing him to suffer unnecessary and wanton infliction of pain. His contends that he suffered from a serious medical need which should have been treated more urgently and that the lack of care was caused by SHP's customs, polices, and procedures. Plaintiff supports his response with copies of his medical records, see Docket Entry No. 118-1, and with his own declaration. See Docket Entry No. 119. In addition to his substantive arguments against summary judgment, Plaintiff asserts that he has been hindered in his ability to respond to the motion for summary judgment because he has been "denied proper discovery by the Defendants and the Court." See Docket Entry No. 118, at 23 and 29.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

A. Plaintiff's Assertion Regarding the Denial of Discovery

Plaintiff's contention that he has been denied discovery by the Court and Defendant SHP and, thus, has been prevented from meaningfully responding to the motion for summary judgment is meritless because Plaintiff has been provided with relevant discovery responses. By Orders entered October 18, 2011 (Docket Entry Nos. 102 and 103), respectively, the Magistrate Judge denied Plaintiff's motion to compel discovery from Defendant SHP and granted the motion of Defendants Thacker and Erickson to be excused from responding to Plaintiff's late filed discovery requests. By Orders entered April 30, 2012 (Docket Entry Nos. 124 and 125), respectively, the Court denied Plaintiff's two motions (Docket Entry Nos. 107 and 108) to reconsider the Orders entered October 18, 2011, in light of a response by SHP (Docket Entry No. 114) showing that it had provided discovery responses to Plaintiff. Plaintiff has already raised with the Court any issues he had regarding discovery and those issues have been addressed and resolved by the Court.

Furthermore, Plaintiff has not shown any basis for relief under Rule 56(d) of the Federal Rules of Civil Procedure. He has not specifically shown by affidavit or declaration that he cannot present facts essential to justify his opposition to the motion for summary judgment. His complaints about denied discovery are vague and general and, as shown <u>supra</u>, his assertion that he was denied discovery is unsupported by the record. Finally, Plaintiff has attached multiple pages of his own medical records from the Jail to his response in opposition.

B. Fourteenth Amendment Rights of a Pretrial Detainee

Defendant SHP does not dispute that Plaintiff was incarcerated at the Jail as a pretrial detainee at the time of the events at issue. Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Heflin v. Stewart Cnty., Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). Accordingly, claims brought by a pretrial detainee asserting inadequate medical care or unconstitutional conditions of confinement are analyzed under Eighth Amendment standards. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Horn v. Madison Cnty. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994); Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989).

C. Plaintiff's Section 1983 Claim Against Defendant SHP

The government[1] has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the

---

[1] Although Defendant SHP is a private entity, "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" Hicks v. Frey, 992 F.2d 1450, 1458 (6th Cir. 1993); Johnson v. Karnes. 398 F.3d 868, 876 (6th Cir. 2004) ("The Supreme Court has explicitly held that § 1983 liability applies to physicians who are not formally employed by a state, but who instead serve prison populations as government contractors.") (citing West v. Atkins, 487 U.S. 42, 54–57, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

6

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, Plaintiff must show that he had a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004).

For the subjective component, Plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to Plaintiff's serious medical need. Farmer, 511 U.S. at 834, 114 S.Ct. 1970. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Comstock, supra; Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). Plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not

inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the evidence before the Court, the Court finds that summary judgment should be granted to Defendant SHP on Plaintiff's inadequate medical care claim. Even if the Court assumes for the purposes of analyzing the pending motion that Plaintiff has shown that he suffered from a dental need that was serious enough to satisfy the objective component of his claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of Defendant SHP. Any factual disputes, even if construed in the light most favorable to Plaintiff, fail to raise genuine issues of material facts because there is not sufficient evidence in the record upon which a reasonable jury could find that the medical care provided to Plaintiff was constitutionally inadequate.

Plaintiff's medical records clearly show that he was not ignored after making his complaint that he had "brok[en]/dislodge[ed] a filling and some of the tooth" on March 26, 2010. See Docket Entry No. 98, at 34. It is undisputed that Plaintiff was seen by SHP staff on March 26 and 27, 2010, regarding his complaint. Id. at 35-36. It is further undisputed that he was referred to and seen by the dentist on April 9, 2010, on the dentist's scheduled visit to see inmates from the Jail, at which time the dentist x-rayed Plaintiff's tooth to rule out an abscess and placed a temporary filling in Plaintiff's tooth. See Affidavit of Kelly (Docket Entry No. 98, at 52, ¶ 3). Plaintiff was seen by the dentist a second time on April 23, 2010, when a temporary filling was again placed in Plaintiff's tooth. Id., at ¶ 4. The dentist did not conclude during either visit that emergency or urgent treatment of Plaintiff's dental problem was required. Id. There is no evidence in the record that Plaintiff made any complaints about his dental problem until over a month later when he lodged a complaint on May 28, 2010. See

Affidavit of Miller (Docket Entry No. 98, at 29, ¶ 15), and Docket Entry No. 98, at 44. He was thereafter placed on the list to see the dentist again but was transferred from the Jail on June 11, 2010, prior to being seen by the dentist. Id., at 16.

Plaintiff's claim is essentially based on his displeasure with the manner or adequacy of the course of treatment he received at the Jail. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg.'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. Deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care Plaintiff received at the Jail may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). The facts before the Court simply do not support a claim that the medical care

rendered to Plaintiff at the Jail for his dental need was so deficient that it amounted to a violation of the Constitution.

Because the Court finds that insufficient evidence exists to support Plaintiff's claim that he was not provided with constitutionally adequate medical treatment, SHP cannot be found liable under Section 1983 because of a policy, custom, or practice of SHP which caused the underlying constitutional violation.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 98) of Defendant Southern Health Partners, Inc. be GRANTED and that this defendant be DISMISSED from the action WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge